UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALONZO DIBOCCE,

    Petitioner,

v.

DANIEL PARAMO,

    Respondent.

Case No. 15-cv-03523-VC (PR)

**ORDER DENYING MOTION FOR STAY; DISMISSING PETITION WITHOUT PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 13

On July 8, 2015, Alonzo Dibocce, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 20, 2015, Dibocce filed a motion, under *Rhines v. Weber*, 544 U.S. 269 (2005), to stay and abey the petition while he exhausts all of his claims in state court. This motion is denied.

Before a petitioner may challenge either the fact or length of his confinement in a federal habeas petition, he must exhaust state remedies for all claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* Although a mixed petition, that is, one with exhausted and unexhausted claims, may be stayed, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

It is apparent from Dibocce's motion that none of his claims have been exhausted. Therefore, the motion for a stay is denied and the petition is dismissed without prejudice as unexhausted. Dibocce may file a new petition once the claims have been exhausted. Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 10, 2015

_____
VINCE CHHABRIA
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO DIBOCCE,<br>   Plaintiff,<br> v.<br>DANIEL PARAMO,<br>   Defendant. | Case No. 15-cv-03523-VC<br><br>**CERTIFICATE OF SERVICE** |

 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

 That on September 10, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alonzo  Dibocce ID: AU1396  
R J Donovan Correctional Facility  
480 Alta Road  
San Diego, CA 92179

Dated: September 10, 2015

              Susan Y. Soong  
              Clerk, United States District Court

              By:_____  
              Kristen Melen, Deputy Clerk to the  
              Honorable VINCE CHHABRIA

3